IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

JIMMIE F. MILES          :
                         :
v.                       : CIVIL NO. L-00-1736
                         :
SHERWIN-WILLIAMS COMPANY  :
                         :


<u>MEMORANDUM</u>

Plaintiff Jimmie Faye Miles filed a Complaint, *pro se*, alleging that her former employer, the Sherwin-Williams Company ("Company"), discriminated against her based on her race in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e. The defendant has filed a Motion to Dismiss. The Court shall dispense with a hearing and decide the defense motion on the memoranda submitted. <u>See</u> Local Rule 105.6 (D. Md. 1999). For the following reasons, the Court will, by separate Order, DENY defendants' Motion to Dismiss.

**I. Factual Background**

Plaintiff began working for Sherwin-Williams in June of 1997. She was hired as temporary employee and initially worked in the mixing room of the Rubbersett Company, a Sherwin-Williams



subsidiary located in Crisfield, Maryland. Plaintiff worked on an as-needed basis throughout her tenure with the Company.

On February 9, 1999, plaintiff applied for a permanent position with the Company. While not a requirement when plaintiff was hired as a temporary employee, by February of 1999 all applicants for permanent positions with Sherwin-Williams were required to be high school graduates. Plaintiff, who only completed the 11th grade, did not have a high school diploma and therefore did not meet the minimum requirements for the position. Although plaintiff claimed that she had a high school diploma on her application for the permanent position, she later admitted that she did not. Plaintiff was terminated on February 11, 1999 for falsifying her employment application.

Plaintiff cites the case of a Hispanic employee with an 8th grade education who was initially hired for a permanent position as support for her contention that she was discriminated on the basis of race. In her Complaint, plaintiff acknowledges, as she must, that the Hispanic employee was terminated promptly once the confusion over her educational status was resolved.[1] Plaintiff

---

[1] In hiring the Hispanic woman, the Company initially believed that the woman had submitted a diploma from a Mexican high school. When the Company learned that the Hispanic woman's diploma was actually for an elementary school in Mexico, it

2

claims, however, that the Hispanic employee was terminated only after the Company learned that the plaintiff was "pushing the issue." In a letter filed as a response to the defendant's motion, plaintiff claims that she has proof that many workers at the Company's facility who lack high school diplomas are permanently employed nonetheless.

While the Complaint itself is somewhat unclear, it appears to allege two separate causes of action: (i) violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e and (ii) slander.

## II.  Motion to Dismiss Standard

Ordinarily, a Complaint should not be dismissed for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) unless it appears beyond all doubt that the plaintiff can prove no set of facts in support of its claim which entitle it to relief. See Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Labram v. Havel, 43 F.3d 918, 920 (4th Cir. 1995). The liberal pleading requirements of Rule 8(a) demand only a "short and plain" statement of the claim. In evaluating such a claim, the Court must accept as true all well-pleaded allegations of fact

---

terminated her as unqualified for the position.

and view them in the light most favorable to the plaintiff. See Jenkins v. McKeithen, 395 U.S. 411, 421-22 (1969). In essence, the legal theory articulated, or even suggested, by the non-moving party must be one that could not be the basis for a ruling in that party's favor.

**III. Analysis**

The defendant asks the Court to adopt the burden-shifting test outlined in McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973), used by courts at the summary judgment stage, to dismiss the plaintiff's case on a motion to dismiss. The Court declines to do so. Though her case appears tenuous, at this stage the plaintiff will have an opportunity to proceed.

The plaintiff essentially asserts the following factual claims: (i) Sherwin-Williams used its high-school requirement as a pre-text for race based discrimination; (ii) plaintiff did not falsify her employment application, and that her termination on that basis was also pre-textual; and (iii) Sherwin-Williams slandered the plaintiff by claiming that she had been terminated because she falsified her employment application.

The Court notes that the plaintiff took virtually no steps to oppose defendant's motion. Her opposition to the motion

consisted of one short paragraph stating that she did not want the Court to dismiss her case.  Plaintiff subsequently sent a short letter stating that she had proof to support her claims against the defendant.  This case is continuing only because of the stringent standards applicable to motions to dismiss.  It is inevitable that defendants will be filing a motion for summary judgment.  If Ms. Miles' opposition to that motion is as weak and perfunctory as her opposition to defendant's motion to dismiss, this case will not long survive.

At discovery, the plaintiff will be required to produce any documentation or evidence supporting her claims.  Defendant will have an opportunity to depose the plaintiff and will be required to produce any relevant documents regarding plaintiff's claims (i) that Sherwin-Williams' high-school requirement is a pre-text for race based discrimination and (ii) that plaintiff did not falsify her employment application.

### III. Conclusion

For the reasons stated above, the Court shall, by separate Order, DENY defendants' Motion to Dismiss.  A scheduling order will be issued separately.

Dated this 2nd day of February, 2001.

                                                    /s/ Benson Everett Legg
                                                    Benson Everett Legg
                                                    United States District Judge