UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

Chambers of
**BENSON EVERETT LEGG**
United States District Judge

101 West Lombard Street
Baltimore, Maryland 21201
(410) 962-0723

February 2, 2001

MEMORANDUM TO COUNSEL and MS. MILES

    Re: <u>Jimmie F. Miles v. Sherwin-Williams Company</u>
       Civil # L-00-1736

Dear Counsel:

  I have denied defendant's motion to dismiss. The case will therefore proceed to discovery, which shall consist of the following:

(a) By February 23, 2001, Ms. Miles shall mail to Mr. George Church, attorney for the defendant, all documents supporting her claim that (i) other full time employees at the company were hired and continue to work without high school diplomas, (ii) she did not falsify her employment application, and (iii) Sherwin-Williams uses its high school diploma requirement to discriminate against African Americans.

(b) By February 9, 2001, Ms. Miles shall telephone Mr. Church at (410) 427-3900 to arrange a date for her deposition to be taken. The deposition shall be taken during the week of February 26, 2001. At her deposition, Ms. Miles will be required to state fully all facts that support her suit.

(c) By February 23, 2001, defendant will have mailed to Ms. Miles all documents relevant to (i) plaintiff's claims regarding defendant's high school diploma requirement and (ii) plaintiff's termination for the falsification of her employment application.

(d) During the month of March, either side may take additional depositions or conduct additional discovery. The plaintiff is advised that Local Rule 104.5 requires that discovery requests are <u>not</u> to be filed with this Court. Copies of Fed. R. Civ. P. 30, 33, and 34 are also enclosed for the plaintiff.

(e) The discovery period shall end on March 30, 2001. Dispositive motions shall be due by April 13, 2001.

Memorandum to Counsel
February 2, 2001
page 2

Miles v. Sherwin-Williams Company
Civil # L-00-1736

      Ms. Miles is warned that failure to comply with this Order or a failure to adequately respond to defendant's future motions <u>will result</u> in the entry of summary judgment against her without further notice. Despite the informal nature of this memorandum, it shall constitute an Order of Court and the Clerk is directed to docket it accordingly.

Very truly yours,

*/s/ Benson Legg*

Benson Everett Legg

c:    Court file

**FEDERAL RULES OF CIVIL PROCEDURE**

**V. Depositions and Discovery**

**Rule 30—Depositions Upon Oral Examination**

    **(a)**     **When Depositions May be Taken; When Leave Required.**

        **(1)** A party may take the testimony of any person, including a party, by deposition upon oral examination without leave of court except as provided in paragraph (2). The attendance of witnesses may be compelled by subpoena as provided in Rule 45.

        **(2)** A party must obtain leave of court, which shall be granted to the extent consistent with the principles stated in Rule 26(b)(2), if the person to be examined is confined in prison or if, without the written stipulation of the parties,

            **(A)** a proposed deposition would result in more than ten depositions being taken under this rule or Rule 31 by the plaintiffs, or by the defendants, or by third-party defendants;

            **(B)** the person to be examined already has been deposed in the case; or

            **(C)** a party seeks to take a deposition before the time specified in Rule 26(d) unless the notice contains a certification, with supporting facts, that the person to be examined is expected to leave the United States and be unavailable for examination in this country unless deposed before that time.

    **(b)**     **Notice of Examination: General Requirements; Special Notice; Method of Recording; Production of Documents and Things; Deposition of Organization; Deposition by Telephone.**

        **(1)** A party desiring to take the deposition of any person upon oral examination shall give reasonable notice in writing to every other party to the action. The notice shall state the time and place for taking the deposition and the name and address of each person to be examined, if known, and, if the name is not known, a general description sufficient to identify the person or the particular class or group to which the person belongs. If a subpoena duces tecum is to be served on the person to be examined, the designation of the materials to be produced as set forth in the subpoena shall be attached to, or included in, the notice.

        **(2)** The party taking the deposition shall state in the notice the method by which the testimony shall be recorded. Unless the court orders otherwise, it may be recorded by sound, sound-and-visual, or stenographic means, and the party taking the deposition shall bear the cost of the recording. Any party may arrange for a transcription to be made from the recording of a deposition taken by nonstenographic means.

        **(3)** With prior notice to the deponent and other parties, any party may designate another method to record the deponent's testimony in addition to the method specified by the person taking the deposition. The additional record or transcript shall be made at that party's expense unless the court otherwise orders.

        **(4)** Unless otherwise agreed by the parties, a deposition shall be

conducted before an officer appointed or designated under Rule 28 and shall begin with a statement on the record by the officer that includes

>   **(A)** the officer's name and business address;
>
>   **(B)** the date, time, and place of the deposition;
>
>   **(C)** the name of the deponent;
>
>   **(D)** the administration of the oath or affirmation to the deponent; and
>
>   **(E)** an identification of all persons present.

If the deposition is recorded other than stenographically, the officer shall repeat items (A) through (C) at the beginning of each unit of recorded tape or other recording medium. The appearance or demeanor of deponents or attorneys shall not be distorted through camera or sound-recording techniques. At the end of the deposition, the officer shall state on the record that the deposition is complete and shall set forth any stipulations made by counsel concerning the custody of the transcript or recording and the exhibits, or concerning other pertinent matters.

>   **(5)** The notice to a party deponent may be accompanied by a request made in compliance with Rule 34 for the production of documents and tangible things at the taking of the deposition. The procedure of Rule 34 shall apply to the request.
>
>   **(6)** A party may in the party's notice and in a subpoena name as the deponent a public or private corporation or a partnership or association or governmental agency and describe with reasonable particularity the matters on which examination is requested. In that event, the organization so named shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. A subpoena shall advise a non-party organization of its duty to make such a designation. The persons so designated shall testify as to matters known or reasonably available to the organization. This subdivision (b)(6) does not preclude taking a deposition by any other procedure authorized in these rules.
>
>   **(7)** The parties may stipulate in writing or the court may upon motion order that a deposition be taken by telephone or other remote electronic means. For the purposes of this rule and Rules 28(a), 37(a)(1), and 37(b)(1), a deposition taken by such means is taken in the district and at the place where the deponent is to answer questions.
>
>   **(c)** **Examination and Cross-Examination; Record of Examination; Oath; Objections.** Examination and cross-examination of witnesses may proceed as permitted at the trial under the provisions of the Federal Rules of Evidence except Rules 103 and 615. The officer before whom the deposition is to be taken shall put the witness on oath or affirmation and shall personally, or by someone acting under the officer's direction and in the officer's presence, record the testimony of the witness. The testimony shall be taken stenographically or recorded by any other method authorized by subdivision (b)(2) of this rule. All objections made at the time of the examination to the qualifications of the officer taking the deposition, to the manner of taking it, to the evidence presented, to the conduct of any party, or to any other aspect of the proceedings shall be noted by the officer upon the record of the deposition; but the

examination shall proceed, with the testimony being taken subject to the objections. In lieu of participating in the oral examination, parties may serve written questions in a sealed envelope on the party taking the deposition and the party taking the deposition shall transmit them to the officer, who shall propound them to the witness and record the answers verbatim.

### (d)  Schedule and Duration; Motion to Terminate or Limit Examination.

(1) Any objection to evidence during a deposition shall be stated concisely and in a non-argumentative and non-suggestive manner. A party may instruct a deponent not to answer only when necessary to preserve a privilege, to enforce a limitation on evidence directed by the court, or to present a motion under paragraph (3).

(2) By order or local rule, the court may limit the time permitted for the conduct of a deposition, but shall allow additional time consistent with Rule 26(b)(2) if needed for a fair examination of the deponent or if the deponent or another party impedes or delays the examination. If the court finds such an impediment, delay, or other conduct that has frustrated the fair examination of the deponent, it may impose upon the persons responsible an appropriate sanction, including the reasonable costs and attorney's fees incurred by any parties as a result thereof.

(3) At any time during a deposition, on motion of a party or of the deponent and upon a showing that the examination is being conducted in bad faith or in such manner as unreasonably to annoy, embarrass, or oppress the deponent or party, the court in which the action is pending or the court in the district where the deposition is being taken may order the officer conducting the examination to cease forthwith from taking the deposition, or may limit the scope and manner of the taking of the deposition as provided in Rule 26(c). If the order made terminates the examination, it shall be resumed thereafter only upon the order of the court in which the action is pending. Upon demand of the objecting party or deponent, the taking of the deposition shall be suspended for the time necessary to make a motion for an order. The provisions of Rule 37(a)(4) apply to the award of expenses incurred in relation to the motion.

(e)  **Review by Witness; Changes; Signing.** If requested by the deponent or a party before completion of the deposition, the deponent shall have 30 days after being notified by the officer that the transcript or recording is available in which to review the transcript or recording and, if there are changes in form or substance, to sign a statement reciting such changes and the reasons given by the deponent for making them. The officer shall indicate in the certificate prescribed by subdivision (f)(1) whether any review was requested and, if so, shall append any changes made by the deponent during the period allowed.

### (f)  Certification and Filing by Officer; Exhibits; Copies; Notice of Filing.

(1) The officer shall certify that the witness was duly sworn by the officer and that the deposition is a true record of the testimony given by the witness. This certificate shall be in writing and accompany the record of the deposition. Unless otherwise ordered by the court, the officer shall securely seal the deposition in an envelope or package indorsed with the title of the action and marked "Deposition of [here insert name of witness]" and shall promptly file it with the court in which the action is pending or send it to the attorney who arranged for the transcript or recording, who shall store it under conditions that will protect it against loss, destruction, tampering, or deterioration. Documents and things produced for inspection during the examination of

the witness, shall, upon the request of a party, be marked for identification and annexed to the deposition, and may be inspected and copied by any party, except that if the person producing the materials desires to retain them the person may

    **(A)** offer copies to be marked for identification and annexed to the deposition and to serve thereafter as originals if the person affords to all parties fair opportunity to verify the copies by comparison with the originals, or

    **(B)** offer the originals to be marked for identification, after giving to each party an opportunity to inspect and copy them, in which event the materials may then be used in the same manner as if annexed to the deposition. Any party may move for an order that the original be annexed to and returned with the deposition to the court, pending final disposition of the case.

   **(2)** Unless otherwise ordered by the court or agreed by the parties, the officer shall retain stenographic notes of any deposition taken stenographically or a copy of the recording of any deposition taken by another method. Upon payment of reasonable charges therefor, the officer shall furnish a copy of the transcript or other recording of the deposition to any party or to the deponent.

   **(3)** The party taking the deposition shall give prompt notice of its filing to all other parties.

  **(g)**  **Failure to Attend or to Serve Subpoena; Expenses.**

   **(1)** If the party giving the notice of the taking of a deposition fails to attend and proceed therewith and another party attends in person or by attorney pursuant to the notice, the court may order the party giving the notice to pay to such other party the reasonable expenses incurred by that party and that party's attorney in attending, including reasonable attorney's fees.

   **(2)** If the party giving the notice of the taking of a deposition of a witness fails to serve a subpoena upon the witness and the witness because of such failure does not attend, and if another party attends in person or by attorney because that party expects the deposition of that witness to be taken, the court may order the party giving the notice to pay to such other party the reasonable expenses incurred by that party and that party's attorney in attending, including reasonable attorney's fees.

[As amended Jan. 21, 1963, eff. July 1, 1963; Mar. 30, 1970, eff. July 1, 1970; Mar. 1, 1971, eff. July 1, 1971; Nov. 20, 1972, eff. July 1, 1975; Apr. 29, 1980, eff. Aug. 1, 1980; Mar. 2, 1987, eff. Aug. 1, 1987; Apr. 22, 1993, eff. Dec. 1, 1993.]

**FEDERAL RULES OF CIVIL PROCEDURE**

**V. Depositions and Discovery**

**Rule 33—Interrogatories to Parties**

    **(a)**    **Availability.** Without leave of court or written stipulation, any party may serve upon any other party written interrogatories, not exceeding 25 in number including all discrete subparts, to be answered by the party served or, if the party served is a public or private corporation or a partnership or association or governmental agency, by any officer or agent, who shall furnish such information as is available to the party. Leave to serve additional interrogatories shall be granted to the extent consistent with the principles of Rule 26(b)(2). Without leave of court or written stipulation, interrogatories may not be served before the time specified in Rule 26(d).

    **(b)**    **Answers and Objections.**

    **(1)** Each interrogatory shall be answered separately and fully in writing under oath, unless it is objected to, in which event the objecting party shall state the reasons for objection and shall answer to the extent the interrogatory is not objectionable.

    **(2)** The answers are to be signed by the person making them, and the objections signed by the attorney making them.

    **(3)** The party upon whom the interrogatories have been served shall serve a copy of the answers, and objections if any, within 30 days after the service of the interrogatories. A shorter or longer time may be directed by the court or, in the absence of such an order, agreed to in writing by the parties subject to Rule 29.

    **(4)** All grounds for an objection to an interrogatory shall be stated with specificity. Any ground not stated in a timely objection is waived unless the party's failure to object is excused by the court for good cause shown.

    **(5)** The party submitting the interrogatories may move for an order under Rule 37(a) with respect to any objection to or other failure to answer an interrogatory.

    **(c)**    **Scope; Use at Trial.** Interrogatories may relate to any matters which can be inquired into under Rule 26(b)(1), and the answers may be used to the extent permitted by the rules of evidence.

An interrogatory otherwise proper is not necessarily objectionable merely because an answer to the interrogatory involves an opinion or contention that relates to fact or the application of law to fact, but the court may order that such an interrogatory need not be answered until after designated discovery has been completed or until a pre-trial conference or other later time.

    **(d)**    **Option to Produce Business Records.** Where the answer to an interrogatory may be derived or ascertained from the business records of the party upon whom the interrogatory has been served or from an examination, audit or inspection of such business records, including a compilation, abstract or summary thereof and the burden of deriving or ascertaining the answer is substantially the same for the party serving the interrogatory as for the party served, it is a sufficient answer to such

interrogatory to specify the records from which the answer may be derived or ascertained and to afford to the party serving the interrogatory reasonable opportunity to examine, audit or inspect such records and to make copies, compilations, abstracts or summaries. A specification shall be in sufficient detail to permit the interrogating party to locate and to identify, as readily as can the party served, the records from which the answer may be ascertained.

[As amended Dec. 27, 1946, eff. Mar. 19, 1948; Mar. 30, 1970, eff. July 1, 1970; Apr. 29, 1980, eff. Aug. 1, 1980; Apr. 22, 1993, eff. Dec. 1, 1993.]

**FEDERAL RULES OF CIVIL PROCEDURE**

**V. Depositions and Discovery**

**Rule 34—Production of Documents and Things and Entry Upon Land for Inspection and Other Purposes**

    **(a)**    **Scope.** Any party may serve on any other party a request

    **(1)** to produce and permit the party making the request, or someone acting on the requestor's behalf, to inspect and copy, any designated documents (including writings, drawings, graphs, charts, photographs, phono records, and other data compilations from which information can be obtained, translated, if necessary, by the respondent through detection devices into reasonably usable form), or to inspect and copy, test, or sample any tangible things which constitute or contain matters within the scope of Rule 26(b) and which are in the possession, custody or control of the party upon whom the request is served; or

    **(2)** to permit entry upon designated land or other property in the possession or control of the party upon whom the request is served for the purpose of inspection and measuring, surveying, photographing, testing, or sampling the property or any designated object or operation thereon, within the scope of Rule 26(b).

    **(b)**    **Procedure.** The request shall set forth, either by individual item or by category, the items to be inspected, and describe each with reasonable particularity. The request shall specify a reasonable time, place, and manner of making the inspection and performing the related acts. Without leave of court or written stipulation, a request may not be served before the time specified in Rule 26(d).

    The party upon whom the request is served shall serve a written response within 30 days after the service of the request. A shorter or longer time may be directed by the court or, in the absence of such an order, agreed to in writing by the parties, subject to Rule 29. The response shall state, with respect to each item or category, that inspection and related activities will be permitted as requested, unless the request is objected to, in which event the reasons for the objection shall be stated. If objection is made to part of an item or category, the part shall be specified and inspection permitted of the remaining parts. The party submitting the request may move for an order under Rule 37(a) with respect to any objection to or other failure to respond to the request or any part thereof, or any failure to permit inspection as requested.

    A party who produces documents for inspection shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the request.

    **(c)**    **Persons Not Parties.** A person not a party to the action may be compelled to produce documents and things or to submit to an inspection as provided in Rule 45.

[As amended Dec. 27, 1946, eff. Mar. 19, 1948; Mar. 30, 1970, eff. July 1, 1970; Apr. 29, 1980, eff. Aug. 1, 1980; Mar. 2, 1987, eff. Aug. 1, 1987; Apr. 30, 1991, eff. Dec. 1, 1991; Apr. 22, 1993, eff. Dec. 1, 1993.]